IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KONEPACHIT,<br><br>    Plaintiff,<br><br>    v.<br><br>CANTIL SAKAVYE, et al.,<br><br>    Defendants. | No. 2:20-CV-0910-TLN-DMC-P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's complaint. See ECF No. 1.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it

rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff, David Konepachit, is a prisoner incarcerated at Centinela State prison. Plaintiff names the following as defendants: (1) Cantil Sakavye[1], Chief Justice of the California Supreme Court, and (2) Xavier Becerra, the Attorney General of California. Plaintiff alleges that defendants deprived him of his Fourteenth Amendment right to equal protection and Eighth Amendment right to be free from cruel and unusual punishment by denying his writ for habeas corpus. Plaintiff also alleges that the five-year prior felony enhancement on his sentence deprives him of his Fifth Amendment right to due process, Sixth Amendment right to a criminal trial, and Eighth Amendment right to be free of cruel and unusual punishment. Plaintiff seeks a declaratory judgment stating that the Fair and Just Sentencing Reform Act violates his constitutional rights. Plaintiff also seeks a declaratory judgment stating that California Penal Code sections §667(e)(1), § 677 (a), and § 667.5(b) violate his constitutional rights.

Plaintiff claims that the recently enacted Fair and Just Sentencing Reform Act discriminates against individuals whose convictions were finalized by the time the bill was passed. The Fair and Just Sentencing Reform Act removed Penal Code § 667(a)'s mandatory five-year sentence enhancement for an offender's prior felony conviction. Although the Act is not retroactive, it lays out a detailed set of requirements for offenders to qualify for a resentencing referral. Plaintiff alleges that the requirement that administrative officials find evidence of rehabilitation is arbitrary and capricious. Plaintiff further alleges that the five-year felony enhancement to his original sentence caused his time in prison to triple, which was

---

[1] Plaintiff is attempting to name Chief Justice Tani Cantil-Sakauye of the California Supreme Court.

disproportionate to the crime he committed and thus violated his constitutional rights.

## II. DISCUSSION

The Court finds that plaintiff's complaint suffers five defects. First, plaintiff cannot recover from defendant Cantil-Sakauye because she has absolute judicial immunity from such actions. Second, plaintiff has failed to allege any facts to support his Sixth Amendment claim. Third, § 1983 is not the appropriate vehicle for relief for plaintiff's Fifth Amendment double jeopardy claim and plaintiff's Eighth Amendment disproportionate sentence claim. Fourth, plaintiff's claims cannot establish the intentional discrimination necessary for a cognizable Fourteenth Amendment equal protection claim. Fifth, plaintiff cannot establish a necessary cognizable liberty interest for his Fifth Amendment due process claim.

### A.     **Plaintiff's Claims Against Chief Justice Cantil-Sakauye**

Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts. See Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam).  This immunity is lost only when the judge acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature.  See id.  Judges retain their immunity even when they are accused of acting maliciously or corruptly, see Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978), and when they are accused of acting in error, see Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). This immunity extends to the actions of court personnel when they act as "an integral part of the judicial process." See Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir. 1987).

Here, plaintiff alleges that Chief Justice Cantil-Sakauye violated his constitutional rights by denying his writ for habeas corpus. A writ of habeas corpus falls squarely in the category of a judicial act within the jurisdiction of the California Supreme Court. Thus, plaintiff cannot make a § 1983 claim against Chief Justice Cantil-Sakauye as she has absolute judicial immunity from such actions.

/ / /

/ / /

3

### B.     <u>Plaintiff's Sixth Amendment Claim</u>

The Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See <u>Kimes v. Stone</u>, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

The Sixth Amendment states "in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI.

The Court recognizes that plaintiff attempts to bring a Sixth Amendment claim, however, plaintiff does not allege any Sixth Amendment violations. Plaintiff at no point raises issues with his previous trial or requests a new trial. Plaintiff is not entitled to a resentencing hearing under the Sixth Amendment. See <u>Dillon v. U.S.</u>, 560 U.S. 817, 828 (2010) (holding that statutes that authorize modification of modification of imprisonment based on retroactive amendment do not implicate the Sixth Amendment right to a jury trial). Plaintiff is also not entitled to a speedy trial for his § 1983 claim as § 1983 is a civil suit and therefore not subject to the protections the Sixth Amendment provides for criminal suits.

/ / /

/ / /

/ / /

      **C.**      **Plaintiff's Fifth Amendment Double Jeopardy Claim and Eighth Amendment Disproportionate Sentence Claim**

When a state prisoner challenges the legality of his custody – either the fact of confinement or the duration of confinement – and the relief he seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is cognizable in a petition for a writ of habeas corpus under 28 U.S.C. § 2254. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam). Where a prisoner challenges the conditions of confinement, as opposed to the fact or duration of confinement, his remedy lies in a civil rights action under 42 U.S.C. § 1983. See Rizzo v. Dawson, 778 F.2d 527, 531-32 (9th Cir. 1985); see also Skinner v. Switzer, 131 S.Ct. 1289, 1298-99 n.13 (2011) (stating that ". . .when a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus' and may be brought, if at all, under § 1983"). Any claim that does not necessarily shorten an inmate's incarceration, if successful, falls outside the scope of habeas jurisdiction. See Blair v. Martel, 645 F.3d 1151, 1157-58 (9th Cir. 2011); see also Wilkerson v. Wheeler, ___ F.3d __, 2014 WL 6435496 (9th Cir. 2014) (discussing loss of good-time credits); Nettles v. Grounds, 788 F.3d 992 (9th Cir. 2015) (discussing loss of good-time credits). Thus, 28 U.S.C. §2254 cannot be used to challenge the conditions of confinement, and 42 U.S.C. § 1983 cannot be used to challenge the fact or duration of confinement.

Here, 42 USC § 1983 cannot provide relief for plaintiff's disproportionate sentence claim or his double jeopardy claim. Despite plaintiff's express statements to the contrary, plaintiff's disproportionate sentence and double jeopardy arguments necessarily challenge the duration of his sentence by arguing that his initial sentence was unfair. The only plausible relief that could be provided is a speedier release for prison, thus, plaintiff's disproportionate sentence and double jeopardy claims can only be brought within a habeas corpus proceeding. The attempted relief under § 1983 is not appropriate here.

///

///

1             **D.**        **Plaintiff's Fourteenth Amendment Equal Protection Claim**

2            Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). Prisoners are protected from invidious discrimination based on race. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Racial segregation is unconstitutional within prisons save for the necessities of prison security and discipline. See Cruz v. Beto, 405 U.S. 319, 321 (1972) (per curiam). Prisoners are also protected from intentional discrimination on the basis of their religion. See Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997). Equal protection claims are not necessarily limited to racial and religious discrimination. See Lee v. City of Los Angeles, 250 F.3d 668, 686-67 (9th Cir. 2001) (applying minimal scrutiny to equal protection claim by a disabled plaintiff because the disabled do not constitute a suspect class); see also Tatum v. Pliler, 2007 WL 1720165 (E.D. Cal. 2007) (applying minimal scrutiny to equal protection claim based on denial of in-cell meals where no allegation of race-based discrimination was made); Hightower v. Schwarzenegger, 2007 WL 732555 (E.D. Cal. March 19, 2008).[2]

           In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against plaintiff, or against a class of inmates which included plaintiff, and that such conduct did not relate to a legitimate penological purpose. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

///

///

---

[2]   **Error! Main Document Only.**Strict scrutiny applies to equal protection claims alleging race-based or religious discrimination (i.e., where the plaintiff is member of a "protected class"); minimal scrutiny applies to all other equal protection claims. See Lee v. City of Los Angeles, 250 F.3d 668, 686-67 (9th Cir. 2001).

1        Plaintiff alleges that the Fair and Just Sentencing Reform Act discriminates
2   between prisoners whose sentences were finalized before the law was enacted and prisoners
3   whose sentences were finalized after the law was enacted. Plaintiff bases his allegation on the fact
4   that already-sentenced prisoners must get administrative board approval to receive a resentencing
5   hearing.  Plaintiff's argument fails because plaintiff cannot prove that the law intentionally
6   discriminates against plaintiff's class or that the conduct plaintiff alleges lacks a legitimate
7   penological purpose.
8        The purpose of the Fair and Just Sentencing Reform Act is to address extreme
9   sentences. Rather than discriminating against plaintiff, the retroactive requirements provide
10  plaintiff with a means to receive a sentencing rehearing despite his case having already reached
11  the final judgment stage. Further, the Fair and Just Sentencing Reform Act's retroactive
12  requirements have a legitimate penological purpose. The Fair and Just Sentencing Reform Act
13  makes the five-year sentence enhancement discretionary rather than necessary. Holding
14  resentencing hearings for every prisoner convicted prior to the enactment of the Fair and Just
15  Sentencing Reform Act would require an undue amount of time, money, and resources. The law's
16  retroactive requirements serves to narrow the resentencing hearings to the group most likely to
17  succeed on their claim. Plaintiff's argument that the law is underinclusive is irrelevant in the case
18  at hand. Plaintiff's class is not suspect, and therefore not subject to a heightened standard of
19  review. Laws can be underinclusive so long as they are rationally related to an interest advanced
20  by the state and the state has a rational interest in ameliorating extreme sentences.
21       Plaintiff's reliance on People v. Johnson, 32 Cal. App. 5th 26 (2019), is misplaced.
22  Plaintiff focuses on the fact that the defendants in Johnson had murder convictions while plaintiff
23  had a robbery conviction. The type of the felony committed by an inmate is not relevant to the
24  five-year felony enhancement analysis in the Fair and Just Sentencing Reform Act. The Johnson
25  defendants' cases were remanded for resentencing because their cases had not yet reached the
26  final judgment stage. Thus, the Johnson court remanded the defendants' cases to the trial court so
27  that the trial court could consider whether it would have stricken the mandatory enhancements
28  during the plaintiff's initial trial. Plaintiff's case and the defendants' cases are not similarly

situated because they have different procedural postures and ask fundamentally different questions, as plaintiff's case would center around whether there should be a retroactive exception at the time of his resentencing hearing.

### E. Plaintiff's Fifth Amendment Due Process Claim

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a claim of deprivation of due process, a plaintiff must allege the existence of a liberty or property interest for which the protection is sought. See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972). Due process protects against the deprivation of property where there is a legitimate claim of entitlement to the property. See Bd. of Regents, 408 U.S. at 577. Protected property interests are created, and their dimensions are defined, by existing rules that stem from an independent source – such as state law – and which secure certain benefits and support claims of entitlement to those benefits. See id.

Liberty interests can arise both from the Constitution and from state law. See Hewitt v. Helms, 459 U.S. 460, 466 (1983); Meachum v. Fano, 427 U.S. 215, 224-27 (1976); Smith v. Sumner, 994 F.2d 1401, 1405 (9th Cir. 1993). In determining whether the Constitution itself protects a liberty interest, the court should consider whether the practice in question ". . . is within the normal limits or range of custody which the conviction has authorized the State to impose." Wolff, 418 U.S. at 557-58; Smith, 994 F.2d at 1405. Applying this standard, the Supreme Court has concluded that the Constitution itself provides no liberty interest in good-time credits, see Wolff, 418 U.S. at 557; in remaining in the general population, see Sandin v. Conner, 515 U.S. 472, 485-86 (1995); in not losing privileges, see Baxter v. Palmigiano, 425 U.S. 308, 323 (1976); in staying at a particular institution, see Meachum, 427 U.S. at 225-27; or in remaining in a prison in a particular state, see Olim v. Wakinekona, 461 U.S. 238, 245-47 (1983).

In determining whether state law confers a liberty interest, the Supreme Court has adopted an approach in which the existence of a liberty interest is determined by focusing on the nature of the deprivation. See Sandin v. Connor, 515 U.S. 472, 481-84 (1995). In doing so, the Court has held that state law creates a liberty interest deserving of protection only where the

deprivation in question: (1) restrains the inmate's freedom in a manner not expected from the sentence; and (2) "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 483-84. Prisoners in California have a liberty interest in the procedures used in prison disciplinary hearings where a successful claim would not necessarily shorten the prisoner's sentence. See Ramirez v. Galaza, 334 F.3d 850, 853, 859 (9th Cir. 2003) (concluding that a due process challenge to a prison disciplinary hearing which did not result in the loss of good-time credits was cognizable under § 1983); see also Wilkinson v. Dotson, 544 U.S. 74, 82 (2005) (concluding that claims which did not seek earlier or immediate release from prison were cognizable under § 1983).

Plaintiff alleges that the Fair and Just Sentencing Reform Act's administrative recommendation requirement violates his right to due process. However, plaintiff's argument fails because he cannot establish the type of deprivation required to find a state-law based liberty interest. First, a lack of administrative hearing does not restrain the inmate's freedom because it does not lengthen the plaintiff's sentence or alter his conditions of confinement. Second, the lack of administrative hearing does not alter the ordinary incidents of plaintiff's life in prison at all, therefore it cannot impose an atypical and significant hardship on the plaintiff's life in prison. As a result, plaintiff does not have a cognizable liberty interest protected by due process.

Plaintiff's reliance on the liberty interest advanced in Zadvydas v. Davis, 533 U.S. 678 (2001), is misguided. The Zadvydas court held that the plaintiff had a liberty interest in not being detained indefinitely by Immigration and Naturalization Services when the detention was not the result of a criminal proceeding with adequate procedural protections. Id. at 690. Here, plaintiff's conviction and sentence were the result of a full criminal proceeding with adequate procedural protections, as plaintiff acknowledges in the introduction of his complaint. Therefore, plaintiff's situation does not implicate the liberty interest advanced in Zadvydas. Further, plaintiff's argument that he has a fundamental liberty interest in being free from imprisonment directly contradicts his assertion that he is not seeking to challenge the nature or duration of his sentence.

///

### III. CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that plaintiff's claims against all defendants be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 18, 2020

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE